YEATON (FRY v.). See Case No. 5,142.

YEATON (LYNN v.). See Case No. 8,642.

YEATON (SMEDLEY v.). See Case No. 12,-965.

YEATON (UNITED STATES v.). See Case No. 16,779.

YELLOW HEAD (PORTSMOUTH SAV. BANK v.). See Case No. 11,296.

---

## Case No. 18,134.

**YELLOW JACKET SILVER MIN. CO. v. GAGE.**

[1 Sawy. 494; [1] 13 Int. Rev. Rec. 116.]

Circuit Court, D. Nevada. March 1, 1871.

INTERNAL REVENUE—MINING COMPANY—LIABILITY AS ASSAYER.

A mining company not assaying for others, but assaying its own ores, on its own account only, and not assaying any bullion or amalgam.

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

is required to pay a special tax as assayer, under subdivision forty-eight of section seventy-nine of the internal revenue act of June 30, 1864 [13 Stat. 223], as amended in 1866 [14 Stat. 98].

The defendant [Stephen T. Gage], as collector of internal revenue for the district of Nevada, collected of plaintiff a special tax levied upon it as an assayer. The tax was paid under protest, and this action brought to recover the tax so collected. Plaintiff claimed, that it was not an assayer, under the act of congress, and not liable to the tax.

T. H. Williams, for plaintiff.
Jonas Seely, U. S. Dist. Atty., for defendant.

Before SAWYER, Circuit Judge, and HILLYER, District Judge.

SAWYER, Circuit Judge. The question to be determined in this case is, whether a mining corporation assaying its own ores, simply, and assaying for itself and not for others, and not assaying any bullion or amalgam, is required to pay a special tax as assayer under subdivision forty-eight of section seventy-nine of the act of June 30, 1864, as amended in 1866.

The provision of the statute is as follows: "Assayers, assaying gold and silver, or either, of a value not exceeding in one year two hundred and fifty thousand dollars, shall pay one hundred dollars, and two hundred dollars when the value exceeds two hundred and fifty thousand dollars and does not exceed five hundred thousand dollars, and five hundred dollars when the value exceeds five hundred thousand dolllars. Any person or persons or corporation, whose business or occupation it is to separate gold and silver from other metals or mineral substances with which such gold or silver, or both, are alloyed, combined or united, or to ascertain or determine the quantity of gold or silver in any alloy or combination with other metals, shall be deemed an assayer." 14 Stat. 121.

It will be observed, that the statute, in the latter clause of this provision, defines the term "assayer," as used in the act, and it is necessary to ascertain what is intended to be embraced by this definition. The statute says nothing about separating gold and silver from other metals for fee or reward, or for parties other than the party engaged in assaying. There is, then, no such express limitation to assaying for others, or for fee or reward; and if it was intended to so limit the term, the limitation must be derived, as a necessary inference, from some other provision of the statute, or from the whole statute, reading the different parts in connection with each other. After a careful examination of the numerous sections of the act, we find nothing to afford a reasonable inference that such limitation was intended. It seems evident that congress designed to tax most of the ordinary occupations of the people, whether pursued by the respective parties on their own account, or for others for fee, or reward. When the occupation taxed is intended to be limited to acts performed for others, or for a fee, or reward, congress has so expressed it in language not to be misunderstood. In some cases both are mentioned; thus, in the eighth subdivision, the definition of a livery stable keeper includes both those who "keep horses for hire," and who "keep, feed, or board horses for others." The ninth includes in the definition of brokers, those who negotiate sales and purchases for "themselves or others." Those who do business on their own account are clearly taxed in many cases. See subdivisions 12, 16, 17, 30, 31, 33, et seq. Under subdivision 30, auctioneers are taxed, and declared to be persons "whose business it is to offer property at public sale to the highest and best bidder." There can be no doubt that this would include those whose business is to regularly sell, in the mode indicated, their own, as well as others', property. Subdivision forty-three expressly limits the definition of lawyers to those "who for fee, or reward, shall prosecute," etc. So subdivisions forty-four and fifty, and others, contain similar limitations; and section eighty-one is adopted, apparently, for the express purpose of limiting the meaning of the definition given in other sections, so that parties embraced in the general language of such sections shall not be held liable to a tax for certain specified matters pertaining to their own business. Thus, it is manifest, that, when the tax is intended to be imposed only on those who perform the act indicated for others. for hire, fee, or reward, congress has had no difficulty in finding apt words to express that intention. And section seventy-six provides, "that in every case where more than one of the pursuits, employments or occupations hereinafter described shall be carried on in the same place by the same person at the same time, except as hereinafter provided, the tax shall be paid for each according to the rate prescribed," etc. So the fact that the plaintiff is subject to pay a miner's tax under subdivision forty-nine, does not militate against the idea that it can, also, be subject to a tax, as assayer, under subdivision forty-eight. Indeed, it seems to contemplate this very case, of a party engaged in both occupations as a part of his business.

These two provisions relating to assayers and miners are closely connected in the same section, and in consecutive subdivisions, so that congress, necessarily, had its attention called to both occupations at the same time, and, if it had intended to exclude from the tax, assaying for himself, when performed by the miner, as a branch of his business of mining, congress could scarcely have failed to express that intent in terms, when the two branches of the business were, necessarily, brought to its notice in such intimate relations. When the plaintiff as a part of its business is engaged in "assaying its own ore," it

is separating the "gold and silver from other metals or mineral substances with which such gold or silver is alloyed, combined or united," etc., and this is within the express terms of the statutory definition of an assayer.

We think the plaintiff is an assayer, within the meaning of the statute, and subject to the tax imposed therein, and that the defendant must have judgment; and it is so ordered.